UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE GONZALEZ,

  Plaintiff,

               Case No. 1:26-cv-1299

v.

               Hon. Robert J. Jonker

SHANTONU BASU,

  Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff Natalie Gonzalez, proceeding pro se, filed a one-page complaint against Shantonu Basu containing the following allegations:

> Defendant engaged in ex parte communication.  Plaintiff demands $100,000.

(Compl., ECF No. 1, PageID.1).[1]  That's it.  Plaintiff says nothing more.

Plaintiff was permitted to file the present action *in forma pauperis* under 28 U.S.C. § 1915. Consequently, this action is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that the court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." The Court has a duty to read a *pro se* plaintiff's complaint indulgently.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F.2d 1220, 1223-24 (6th Cir. 1987).  A Magistrate Judge

---

[1] It appears Plaintiff filed numerous identical cases across the country all around the same time. *See, e.g.*, *Gonzalez v. Basu*, No. 4:26-cv-396 (E.D. Ark. filed Apr. 21, 2026); *Gonzalez v. Basu*, No. 1:26-cv-1159 (C.D. Ill. filed Apr. 22, 2026); *Gonzalez v. Basu*, No. 1:26-cv-142 (E.D. Tex. filed Apr. 20, 2026).

determined that under a liberal reading of Plaintiff's Complaint, the Complaint is subject to dismissal for lack of jurisdiction and for failure to state a claim on which relief can be granted under Section 1915(e)(2).  No objections have been filed.  The Court agrees with the Magistrate Judge.

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).  Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014).  In this regard, the Federal Rules of Civil Procedure provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P. 12(h)(3); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").  The Court lacks subject matter jurisdiction "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

"To avoid dismissal, a complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying the dismissal standards of *Twombly* and *Iqbal* to dismissals under Section 1915(e)(2)(B)).

Under a liberal reading of Plaintiff's Complaint, the Complaint is subject to dismissal for lack of jurisdiction and failure to state a claim.  The Court lacks subject matter jurisdiction because Plaintiff provides no facts to support a finding of subject matter jurisdiction, or any *Twombly* plausible claim.  The assertion that "Defendant engaged in ex parte communication" is wholly conclusory.  Accordingly, the vague, attenuated and unsubstantial allegations set forth in Plaintiff's complaint are insufficient to establish subject matter jurisdiction in this Court, or to state a claim.

Finally, the Court observes this case contains the hallmarks of similar cases that have recently been filed in this and other courts around the country with different named plaintiffs.  At least one court has determined that these cases are likely filed by an individual named Fei Fei Gu who has been enjoined from filing any new civil action without authorization by the United States District Court for the Eastern District of New York.  *See Alexander v. Hill-Kearse*, No. 1:26-cv-22, 2026 WL 353616 (W.D. Va. Feb. 7, 2026).  The Court will order the Clerk of Court to send a courtesy copy of this Order to the Eastern District of New York for any use it may find appropriate including whether additional sanctions on Ms. Gu are warranted.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 9) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a federal claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction under FED. R. CIV. P. 12(h)(3).  A Judgment consistent with this Order will issue.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit a copy of this Order to the Clerk of Court for the United States District Court for the Eastern District of New York.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th

3

Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

**IT IS SO ORDERED.**


Dated:    June 29, 2026                                          /s/ Robert J. Jonker
                                                                 ROBERT J. JONKER
                                                                 UNITED STATES DISTRICT JUDGE